FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2025-0949

_____

DONNA S. ADELSON,

Petitioner,

v.

STATE OF FLORIDA,

Respondent.

_____

Petition for Writ of Prohibition—Original Jurisdiction.
Stephen S. Everett, Judge.

May 9, 2025

LONG, J.

Donna Adelson seeks a writ of prohibition to prevent the trial judge from presiding over her criminal trial. Adelson argues the trial judge should have recused himself based on her amended motion to disqualify. She claims that the trial judge engaged in improper ex parte communications with the state by reviewing search and seizure warrant applications. The warrant applications involved Adelson's husband's phone records and a wiretap of his cellphone. Adelson claims that, because the warrants relate, in part, to her and her criminal prosecution, the judge's review of these warrant applications constituted ex parte communications and has given her a reasonable fear that she will

not receive a fair and impartial trial. These claims are meritless and facially insufficient. We deny the petition and write to explain why.

It is routine for trial judges to review warrant applications and then preside over the resulting criminal trials. Trial judges also commonly issue arrest and search warrants for criminal defendants that have pending cases before them. Adelson's petition amounts to an attack on this common practice.

We begin with the general prohibition on ex parte communications. *See* Fla. Code Jud. Conduct, Canon 3(B)(7). "The Code of Judicial Conduct prevents judges from initiating or considering ex parte communications concerning a pending proceeding." *See Riechmann v. State*, 966 So. 2d 298, 318 (Fla. 2007). But there are times when a judge *must* engage in ex parte communications. The Code of Conduct contemplates this and permits a judge to "initiate or consider any ex parte communications when expressly authorized by law to do so." Fla. Code Jud. Conduct, Canon 3(B)(7)(e). The review of arrest and search warrant applications is a core function of the courts. Article I, section 12 of the Florida Constitution addresses searches and seizures. It requires a judicial determination of probable cause before a warrant can be issued. Art. I, § 12, Fla. Const. It also provides, "[t]his right shall be construed in conformity with the 4th Amendment of the United States Constitution, as interpreted by the United States Supreme Court." *Id.* And the Supreme Court has explained, "[t]he pre-search proceeding is necessarily *ex parte*, since the subject of the search cannot be tipped off to the application for a warrant lest he destroy or remove evidence." *Franks v. Delaware*, 438 U.S. 154, 169 (1978). That is to say, ex parte judicial review of warrant applications is constitutionally authorized.

Judicial review of warrant applications is also authorized by Florida statute. § 933.01, Fla. Stat. ("A search warrant authorized by law may be issued by any judge, including the committing judge of the trial court having jurisdiction where the place, vehicle, or thing to be searched may be."). And with respect to wiretapping in particular, "[u]pon such application, the judge may enter an ex parte order, as requested or as modified, authorizing or approving

2

interception of wire, oral, or electronic communications." § 934.09(3), Fla. Stat. In short, the ex parte communications in this case were expressly authorized by law. They are, therefore, not subject to the general prohibition on ex parte communications. Because Adelson does not allege any ex parte communication beyond the ordinary, authorized review of warrant applications, the petition is facially insufficient.

Adelson also moves this Court to determine the confidentiality of records filed in this Court including the petition and appendix. Adelson, however, fails to demonstrate that anything in the records satisfies a condition that would establish confidentiality under Florida Rule of General Practice and Judicial Administration 2.420(c)(9). Thus, her motions to determine confidentiality are also denied.

DENIED.

ROWE and BILBREY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Rachael E. Reese of Rachael Reese P.A., Tampa, and Joshua D. Zelman of Zelman Law, Tallahassee, and Jackie Fulford of the Law Office of Jackie Fulford, Tallahassee, for Petitioner.

James Uthmeier, Attorney General, and Robert Charles Lee, Assistant Attorney General, Tallahassee, for Respondent.

3